UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN JOSEPH GABRIEL BRENNAN,

                        Plaintiff,

v.                                                        3:22-CV-0127
                                                             (GTS/ML)

NCACOMP, INC.; JOLEEN M. BOLGER (Snowdon),
Manager of NCAComp, Inc.; DR. ANNE M. CAULKINS,
Site Supervisor of Our Lady of Lourdes Mem'l Hosp. and
Wellness Ctr.; DR. IRA BREITE, Indep. Med. Examiner;
and RENE BARNES (Picirrili), Manager of New York
State Workers Comp. Bd.,

                        Defendants.
_____

APPEARANCES:

KEVIN JOSEPH GABRIEL BRENNAN
  Plaintiff, *Pro Se*
319 Exchange Avenue
Townhouse #20
Endicott, New York 13760

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Kevin Joseph Gabriel Brennan ("Plaintiff") against NCAComp, Inc., and the four above-captioned individuals (together "Defendants"), are (1) United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that certain of Plaintiff's claims be dismissed with prejudice at this time (without prior leave to amend) and that the remainder of Plaintiff's claims be dismissed with prior leave to amend, and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt.

Nos. 6, 8.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

I.     RELEVANT BACKGROUND

    A.     Magistrate Judge Lovric's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Lovric made the following six findings of fact and conclusions of law: (1) to the extent Plaintiff's Amended Complaint asserts any claims under 42 U.S.C. § 1983, those claims should be *sua sponte* dismissed, with prior leave to amend, for failure to state a claim upon which relief can be granted, because (a) the Amended Complaint fails to allege facts plausibly suggesting that any Defendant was a state actor, and (b) in the alternative, any claims asserted under the Fourteenth Amendment's Equal Protection Clause are unsupported by factual allegations plausibly suggesting that Plaintiff was intentionally treated differently from other similarly situated individuals without any rational basis; (2) to the extent Plaintiff's Amended Complaint asserts any claims under the Americans with Disabilities Act ("ADA"), those claims should be *sua sponte* dismissed, with prior leave to amend, for failure to state a claim upon which relief can be granted, because (a) the Amended Complaint fails to allege facts plausibly suggesting that any Defendant was a public entity for purposes of Title II of the ADA, that Plaintiff was unable to access programs due to his disability, how his disability prevented him from accessing those programs, what accommodations he sought and was denied by that Defendant, or that any such Title II violation was motivated by either discriminatory animus or ill will due to disability, (b) the Amended Complaint fails to allege facts plausibly suggesting that Defendants' actions constituted discrimination, or resulted in the discriminatory provision of services to Plaintiff, under Title III

of the ADA, and the Amended Complaint fails to request the only available relief under Title III, namely, injunctive relief, and (c) the Amended Complaint fails to allege facts plausibly suggesting that Plaintiff engaged in any protected activity, or experienced any adverse action, under Title V of the ADA, and (again) the Amended Complaint fails to request the only available relief under Title V, namely, injunctive relief; (3) to the extent Plaintiff's Amended Complaint asserts a claim for the intentional infliction of emotional distress under New York State law, that claim should be *sua sponte* dismissed, with prior leave to amend, for failure to state a claim upon which relief can be granted, because it does not allege facts plausibly suggesting that Defendants' conduct was "extreme" or "outrageous"; and (4) to the extent Plaintiff's Amended Complaint asserts any claims under the Hippocratic Oath, those claims should be *sua sponte* dismissed at this time, without prior leave to amend, for failure to state a claim upon which relief can be granted, because violating the Hippocratic Oath does not give rise to a cause of action; (5) to the extent Plaintiff's Amended Complaint asserts any claims for accidental injuries arising out of and in the course of his employment, those claims should be *sua sponte* dismissed at this time, without prior leave to amend, for failure to state a claim upon which relief can be granted, because the exclusive-remedy provision of the New York Workers' Compensation Law deprives Plaintiff of a private cause of action for such accidental injuries; and (6) to the extent that Plaintiff's Amended Complaint asserts a claim for the denial of a prescribed gym membership under the New York Workers' Compensation Law, those claims should be *sua sponte* dismissed, with prior leave to amend, for failure to state a claim upon which relief can be granted, because he has already obtained the relief sought in New York State court. (Dkt. No. 6, Part IV.)

  **B.**  **Plaintiff's Objection to the Report-Recommendation**

Generally, in his Objection, Plaintiff asserts the following three arguments: (1) Plaintiff's retaliation claim against Defendant Caulkins should not be dismissed, because he has alleged facts plausibly suggesting that (a) he engaged in protected activity under the ADA by somehow causing the termination of her "co supervisor," and (b) he experienced adverse action when Defendant Caulkins prescribed a stronger non-steroidal anti-inflammatory drug to treat his ulcerative colitis condition than necessary (and failed to complete the Worker's Compensation form required for Plaintiff's disability application); (2) Plaintiff claims under 42 U.S.C. § 1983 should not be dismissed, because he has alleged facts plausibly suggesting that Independent Medical Examiners who are employed by New York State (like Defendant Breite) are state actors; and (3) Plaintiff's intentional-infliction-of-emotional-distress claim against Defendant Barnes should not be dismissed, because he has alleged facts plausibly suggesting that Defendant Barnes' conduct was extreme and outrageous. (*See generally* Dkt. No. 8.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)©). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1©).[1] When

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he

performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's

---

objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

636(b)(1)(C).

**III.   ANALYSIS**

After carefully reviewing the relevant papers herein, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining parts of the Report-Recommendation:  Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.  To those reasons, the Court would add only that Plaintiff's Objections are not persuasive, because they are unsupported by either case law or the factual allegations of his Amended Complaint.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims in Plaintiff's Amended Complaint (Dkt. No. 5) are *sua sponte* **DISMISSED** **with prejudice** (and without prior leave to amend):

(1)   Plaintiff's claim pursuant to the Hippocratic Oath; and

(2)   Plaintiff's claims for accidental injuries arising out of and in the course of his employment under the New York Workers' Compensation Law; and it is further

**ORDERED** that the following claims in Plaintiff's Amended Complaint (Dkt. No. 5) **shall be DISMISSED with prejudice** and without further Order of the Court if, **within thirty (30) days** of the issuance of this Decision and Order, Plaintiff does not file a Second Amended

Complaint curing the above-described defects in those claims:

    (1)    Plaintiff's claims under 42 U.S.C. § 1983;

    (2)    Plaintiff's claims under the Americans with Disabilities Act;

    (3)    Plaintiff's claim for intentional infliction of emotional distress under New York State common law; and

    (4)    Plaintiff's claim for the denial of a prescribed gym membership under the New York Workers' Compensation Law; and it is further

**ORDERED** that, should Plaintiff file a Second Amended Complaint in this action, it shall be automatically referred to Magistrate Judge Lovric for review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e).

Dated: August 4, 2022
       Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
Chief U.S. District Judge